WAGNER vs. McMILLEN and another, imp.,.etc., Appellants, and JONES, Respondent.

*September 20 — October 9, 1888.*

*Liens: Subcontractors: Payment of money into court: Discharge of owner: Personal liability.*

In an action to enforce the lien of a subcontractor for materials furnished and used in the building of a house, the owner admitted that he was indebted to the principal contractor in the amount stated in the complaint, and asked that he be allowed to pay the money into court, that the other lien claimants be substituted as defendants in his place, and that he be discharged from all liability to either party. Certain of the lien claimants so sought to be substituted as defendants had stated in their petition for a lien that at the commencement of the furnishing of, materials by them they had notified the owner that they were furnishing the same to the principal contractor and that they would hold him (the owner) responsible for payment therefor, and that the materials were furnished in part on account of said owner receiving such notice and assenting to the terms thereof. There were no allegations of fraud in respect to the original contract. *Held,* that the above allegations did not show any personal liability on the part of the owner, and there was no error in discharging him from all liability to either party.

APPEAL from the Circuit Court for *Winnebago* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears that some time prior to August 27, 1887, William R. Porter entered into a contract with the defendant *Ansel Jones,* wherein he agreed to furnish the materials and erect and construct a certain dwelling-house or building for

said *Jones* upon his lot, described, for a certain specific price; that in the erection and construction of said building Porter purchased materials of the plaintiff, Wagner, and also of the appellants, *McMillen & Davis*, and other claimants named in the record; that about November 9, 1887, the plaintiff, Wagner, as subcontractor, having given the requisite notice and filed the requisite petition, commenced an action for the enforcement of his subcontractor's lien against said Porter and *Jones* as the only defendants; that the complaint therein alleged, in effect, that the balance due from *Jones* to Porter was $555; that thereupon, and within the time for answering, the said *Jones*, upon said complaint and an affidavit, gave notice of an application for an order allowing him to pay said $555 into court, and to have said *McMillen & Davis*, and each of the other lien claimants (including one Faber, who had sued said William R. Porter and garnished said Jones), substituted as parties defendant in place of said *Jones*, and that he be discharged from all liability to either party upon so depositing that amount in court, and for other relief; that such notice and affidavit were directed to and served upon each of such other lien claimants, including said *McMillen & Davis;* that, in resisting such application, *McMillen & Davis* filed their petition in the cause, alleging said Porter's indebtedness to them for such materials and their lien upon the building and lot of *Jones*, as subcontractors, and the giving of the requisite notice to *Jones*.

Upon the hearing of that application, the court, in effect, " ordered that the said claimants [naming them and including *McMillen & Davis*] be substituted as defendants in the place of the defendant *Ansel Jones*, and that the said defendant *Ansel Jones* be and hereby is discharged from all liability to either party, and be discharged as defendant in this action." It was also ordered that the summons and complaint be amended accordingly and then served on each of said

claimants. From that portion of the order quoted *McMillen & Davis* appeal.

For the appellants there was a brief by *Hicks & Phillips*, and oral argument by *M. C. Phillips*. They contended, *inter alia*, that it was error to discharge the defendant *Jones* from all liability, because the appellants were thereby precluded from investigating the question of the amount due from *Jones* to the principal contractor. If it should appear on the trial that *Jones* and the principal contractor, for the purpose of defrauding subcontractors, fixed an unreasonably low price in the original contract, then the difference between such price and a fair price must be considered a part of the contract and subject to a lien. R. S. sec. 3315. It does not appear that the indebtedness is not more than $555. The discharge of *Jones* from all liability operates to defeat the appellants' claim of personal liability against him. See *Wheeler v. Hall*, 41 Wis. 447; *Lauer v. Bandow*, 48 id. 638; *J. A. Treat Lumber Co. v. Warner*, 60 id. 183.

*Gabe Bouck*, for the respondent.

CASSODAY, J. Since the several lien claimants, without collusion, made demand against *Jones* for the same debt, it was a very proper exercise of the discretion vested in the trial court, upon the showing made and notice given and upon his depositing the amount of such indebtedness in court, to order the substitution of such several claimants in his place, and, unless special reasons were shown to the contrary, to discharge *Jones* from any further liability to either party. Sec. 2610, R. S. No objection is made to such substitution, and no claim is made that the indebtedness of *Jones* to Porter was any greater than the amount so deposited in court. It is claimed, however, that, upon the showing made, it was error to order the discharge of *Jones* from all further liability to the appellants. This claim is

based upon the following allegations of their petition: "That, at the commencement of the furnishing of said materials, your petitioners notified said defendant *Ansel Jones* that they were furnishing Wm. R. Porter with materials to be used in constructing for him a house, and that by such notice they should hold him responsible for the payment of such materials; that the materials were furnished in part on account of said *Ansel Jones'* receiving such notice and assenting to the terms thereof."

These allegations are insufficient to charge *Jones* as principal contractor, or to render him personally liable as upon a "special promise to answer for the debt, default, or miscarriage of" Porter. Subd. 2, sec. 2307, R. S. Besides, the petition does not seek to enforce a personal claim, but merely seeks to enforce a subcontractor's lien in pursuance of the statutory notice given. The mere silence or assent of *Jones* to the alleged notification, prior to the furnishing of the materials to Porter, must be regarded as referable to the statutory liability to a lien in favor of such subcontractor. With that lien the order of the court in no manner interfered. The statute expressly provides that " in no case shall the owner be compelled to pay a greater sum for or on account of such house, building, or other improvement, than the price or sum stipulated in the original contract." Sec. 3315, R. S.; ch. 535, Laws of 1887. Such original contract price can only be increased when it is made to appear to the court that such owner and original contractor "fraudulently, and for the purpose of defrauding subcontractors, . . . fixed an unreasonably low price in such original contract." *Ibid.* There is no pretense of anything of that kind here. The cases cited by the learned counsel for the appellants, going upon the theory of agency, or joint liability, clearly have no application here.

*By the Court.*— That portion of the order of the circuit court appealed from is affirmed.